## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICHARD P. GARDEN, JR., Trustee,** | ) | **CASE NO. 8:11CV292** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM** |
| **CENTRAL NEBRASKA HOUSING** | ) | **AND ORDER** |
| **CORP., PINNACLE BANK OF** | ) | |
| **NEWCASTLE WYOMING, SECURITY** | ) | |
| **FIRST BANK, RICK ROBERTS,** | ) | |
| **LORETTA SUE ROBERTS, JOHN** | ) | |
| **ZAPATA, COLJO INVESTMENTS,** | ) | |
| **LLC, PINNACLE BANK, and** | ) | |
| **UNVERZAGT FEED LOT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court[1] on the Motion for Summary Judgment (Filing No. 4) filed by Plaintiff Richard P. Garden.  For the reasons discussed below, the Motion will be granted in part, and denied in part.

### UNDISPUTED FACTS

Based on the Court's review of the parties' briefs and the evidentiary record, the following facts are not in dispute.[2]

Defendants Rick Roberts and Loretta Sue Roberts executed a deed of trust pertaining to land they owned in Sheridan County, Nebraska.  This deed of trust described the property as located in Range 48 West of the 6th P.M.  The description should have

---

[1]This case is before the Court after being transferred from the United States Bankruptcy Court for the District of Nebraska after the Bankruptcy Court found that it lacked subject matter jurisdiction over the Interpleader Complaint.  (Filing No. 1.)  The Court, "[n]otwithstanding contrary authority, in the interest of justice . . . may deviate from this [C]ourt's rules or procedures."  NEGenR 1.1(c).  The Neb. R. Bankr. P. will apply to the Motion at issue.

[2]"Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." Neb. R. Bankr. P. 7056-1.B.2. (emphasis in original); *accord* NECivR 56.1(b)(1).

referenced Range 46 West of the 6th P.M.  This scrivener's error was repeated in a

"Substitution of Trustee" and "Notice of Default and Election to Sell" the Debtors' land.  On

November 15, 2010, the Debtors' land was sold at a trustee's sale.  Garden is now in

possession of $166,500 as a result of the trustee's sale, and two or more of the defendants

to this interpleader action assert conflicting claims to those proceeds.

## DISPUTED FACTS

Based on the Court's review of the parties' briefs and the evidentiary record, the

following facts are in dispute.

Garden asserts that he is a disinterested stakeholder in this action.  The Debtors

contend that Garden's involvement in this action arose because he represented Defendant

Central Nebraska Housing Corporation ("CNH"); Garden's fees and costs are in dispute;

and each defendant to the action has assumed positions actively adverse to Garden due

to matters relating to management of the trustee's sale.  (Filing No. 35, at ¶ 4.a.)  CNH,

Coljo Investments, LLC, and John Zapata assert that the dispute over the funds Garden

holds is due, at least in part, to mismanagement of the trustee sale of the subject property

by Garden's representative.  (Filing No. 36, at ¶ 4.)

## STANDARD

Summary judgment is only proper when the Court, viewing the evidence in the light

most favorable to the nonmoving party and drawing all reasonable inferences in the

nonmoving party's favor, determines the evidence "show[s] that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Semple v. Fed. Express Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P.

2

56(c)).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact."  *Id.*  Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  *Id.* at 325.

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial."  *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009), *cert. denied,* 130 S. Ct. 1074 (2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The nonmoving party is required to demonstrate a "genuine issue of material fact" that is outcome determinative–"a dispute that might 'affect the outcome of the suit under the governing law.'"  *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  Thus, a "genuine issue" is more than "'some metaphysical doubt as to the material facts,'"  *Nitro,* 565 F.3d at 422 (quoting *Matsushita*, 475 U.S. at 586), and "'the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'"  *Bloom*, 440 F.3d at 1028-29 (quoting *Anderson*, 477 U.S. at 247-48) (emphasis in original).

In other words, in deciding "a motion for summary judgment, [the] 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine"

3

dispute as to those facts.'" *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).   Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there is no "genuine issue for trial"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587.

## DISCUSSION

### I.  Deposit of Funds

Garden states that he holds $166,500 as the result of a trustee's sale of the Debtors' land.  Garden asserts that the Debtors claim a portion of the proceeds based on their homestead exemption, Defendant Pinnacle Bank asserts a claim to the proceeds due to a deed of trust, and Security National Bank may assert a claim to the proceeds.  Garden asks permission to pay the $166,500 into the Clerk of Court so the Defendants can proceed to the "second stage of the interpleader [action, which] involves the determination of the respective rights of the claimants to the stake."  7 Charles Alan Wright et al., Federal Practice & Procedure § 1714, at 628 (3d ed. 2001).  None of the defendants to this action objects to the deposit of the disputed funds with the Clerk of the Court.  (Filing No. 35, at ¶ 1; Filing No. 36, at ¶ 1.)  Therefore, Garden's Motion for Summary Judgment, as it relates to the deposit of the $166,500 with the Clerk of Court, will be granted.

### II.  Reformation of Documents

Garden asserts that the documents describing the Debtors' property as located in Range 48 of the 6th P.M. should be reformed to reflect that the property is located in Range 46 of the 6th P.M.  Garden asks the Court to order the reformation of: (1) the "Deed of Trust" dated June 1, 1996, from the Debtors recorded in Book 131 of Mortgages, Pages

4

318-326, County Clerk of Sheridan Count, Nebraska; (2) the notice of "Substitution of Trustee" dated June 22, 2010, and recorded as Instrument No. 2010-00451; and (3) the "Notice of Default and Election to Sell" executed July 16, 2010, and recorded July 20, 2010, as Instrument No. 2010-00496.  (Filing No. 6, at 3.)

The record indicates that none of the defendants to this action objects to Garden's request (Filing No. 35, at ¶ 2; Filing No. 36, at ¶ 2), and none of the defendants disputes that Range 46 is the correct legal description.  (Filing No. 29, at ¶ 6; Filing No. 30, at ¶¶ 12-15; Filing No. 31, at ¶¶ 17-20; Filing No. 32, at ¶¶ 17-20; Filing No. 33, at ¶¶ 17-20; Filing No. 34, at ¶ 2.)  Therefore, Garden's Motion for Summary Judgment, as it relates to reformation of the "Deed of Trust," the notice of "Substitution of Trustee," and the "Notice of Default and Election to Sell," will be granted.

## III.  Quieting Title

Garden asks the Court to quiet title in the subject property in Defendant Coljo Investments, LLC.  The Debtors consent to quieting title in Coljo provided that it would not prejudice the Debtors' claim to proceeds based on their homestead exemption.  CNH, Coljo, and Zapata similarly consent to quieting title in Coljo, provided that it does not prejudice CNH's cross Motion for Partial Summary Judgment (Filing No. 12).[3]

Garden's Amended Complaint alleges that he issued a trustee's deed that conveyed the subject property to Coljo.  (Filing No. 28, at ¶¶ 22, 23.)  The Debtors, CNH, Coljo, and Zapata all admitted that allegation in their respective Answers, (Filing No. 30, at ¶ 17; Filing No. 31, at ¶¶ 22, 23; Filing No. 32, at ¶¶ 22, 23; Filing No. 33, at ¶¶ 22, 23), and have not

---

[3]The Court has previously addressed CNH's cross Motion for Partial Summary Judgment.  (Filing No. 27.)  Therefore, quieting title in Coljo will not prejudice CNH's Motion.

pointed to any evidence in the record suggesting that the subject property was not conveyed to Coljo.  As a result, Garden's Motion for Summary Judgment as it relates to quieting title in the subject property in Defendant Coljo Investments, LLC, will be granted.

## IV.  Costs & Attorney's Fees

Garden asserts that he is entitled to recover attorney's fees and costs for bringing his interpleader action because he is a disinterested stakeholder.  The Debtors argue that allowing Garden to recover his costs and attorney's fees for bringing this interpleader action would be improper because (1) there is a genuine issue of material fact as to whether Garden is a mere disinterested stakeholder, and (2) paying Garden his costs and fees would be at the expense of their homestead exemption.  CNH, Coljo, and Zapata argue that awarding Garden fees and costs would be improper because the dispute over the funds, at least in part, arose from mismanagement of the trustee sale of the subject property conducted by Garden's representative.

"A federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so."  7 Charles Alan Wright et al., Federal Practice & Procedure § 1719, at 675 (3d ed. 2001); *see also Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) ("Since the court had jurisdiction of the [interpleader] suit, there can be no question of its power to make reasonable allowances for attorneys' fees.").  Because the exercise of this discretion would diminish the funds paid into a court, courts tend to not exercise it "as a matter of course," especially where "there is a substantial controversy between the interpleading party and others, or if the stakeholder desires further protection from the court in exonerating it from possible liability."  *Id.* at 677-79

6

(citing *Clark v. Paul Revere Life Ins. Co.*, 417 F.2d 683, 686 (8th Cir. 1969)) (citations omitted).  In other words, courts tend not to exercise their discretion in awarding costs and attorney's fees where the interpleading party is not a "mere stakeholder."

There is a genuine issue of material fact regarding whether Garden is a "mere stakeholder."  A reasonable finder of fact could find that a controversy still exists between Garden and the defendants to this interpleader action.  The record reveals that the dispute over the funds arose, at least in part, from an alleged mismanagement of the trustee sale of the subject property carried out by Garden through his representative.  (Filing Nos. 12, 13.)  Thus, a controversy may exist between Garden and CNH, Coljo, and Zapata.[4]  The record also reveals evidence showing that Garden may have become involved in this dispute through acting as CNH's legal counsel.  (Filing No. 35-1.)  Therefore, a controversy may exist between Garden and those defendants with claims to the proceeds or subject property inconsistent with CNH's claim.  As a result, Garden's Motion for Summary Judgement, as it relates to costs and attorney's fees, will be denied.

Accordingly,

IT IS ORDERED:

1.      Plaintiff's Motion for Summary Judgment (Filing No. 4) is granted in part, and denied in part, as follows:

a.      Plaintiff Richard P. Garden, Jr. is ordered to deposit with the Clerk of the Court the $166,500 in disputed funds;

---

[4]The record reveals evidence that Zapata owns both CNH and Coljo.  (Filing No. 15-1, at ¶ 2.)

7

    b.     The following documents will be reformed to reflect that the subject property is located in Range 46 of the 6th P.M., and not Range 48:

        I.     The "Deed of Trust," dated June 1, 1996, recorded in Book 131 of Mortgages, pages 318-26, County Clerk of Sheridan;

        ii.    The notice of "Substitution of Trustee," dated June 22, 2010, and recorded as Instrument No. 2010-00451; and

        iii.   The "Notice of Default and Election to Sell," executed July 16, 2020, and recorded July 20, 2010, as Instrument No. 2010-00496;

    c.     Title in the subject property is quieted in Defendant Coljo Investments, LLC;

    d.     Costs and attorney's fees will not be awarded out of the funds paid into the Clerk of Court; and

2.    The "Objections" (Filing Nos. 35, 36) are terminated.

DATED this 13th day of October, 2011.

                BY THE COURT:


                s/Laurie Smith Camp
                United States District Judge