IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD P. GARDEN, JR., Trustee,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CENTRAL NEBRASKA HOUSING** )<br>**CORP.; PINNACLE BANK OF** )<br>**NEWCASTLE WYOMING; SECURITY** )<br>**FIRST BANK; RICK ROBERTS;** )<br>**LORETTA SUE ROBERTS; JOHN** )<br>**ZAPATA; COLJO INVESTMENTS,** )<br>**LLC; PINNACLE BANK; and** )<br>**UNVERZAGT FEED LOT,** )<br>)<br>**Defendants.** ) | CASE NO. 8:11CV292<br><br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Amend Order on Motion for Partial Summary Judgment (Filing No. 40) filed by Defendant Central Nebraska Housing Corp. ("CNH") . For the reasons discussed below, the Motion will be denied.

CNH seeks a final judgment under Federal Rule of Civil Procedure 54(b) with respect to the Court's Order (Filing No. 27), entered on October 5, 2011, denying CNH's Motion for Partial Summary Judgment (Filing No. 12) and granting the cross Motion for Partial Summary Judgment (Filing No. 13) filed by Defendants Rick Roberts and Loretta Sue Roberts. In that Order, the Court found that a material issue of fact existed regarding whether a valid contract was formed at a real estate auction under which CNH agreed to purchase certain real estate for $113,500.00, and also found that the Robertses were entitled to judgment as a matter of law on the issue of whether CNH could set aside the sale of the same real estate at that same auction to a party other than CNH for $166,500.00. On October 13, 2011, the Court directed Plaintiff Richard P. Gardner, trustee

of the auction sale, to deposit the $166,500.00 sale proceeds with the Clerk of the Court. (Filing No. 37.)  No final order of judgment has been entered because there has been no determination as to whom, and in what amounts, the $166,500.00 in disputed funds should be distributed.[1]

> Rule 54(b) states:
>
> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  "The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." *Orion Fin. Corp. of S.D. v. Am. Foods Grp., Inc.*, 201 F.3d 1047, 1049 (8th Cir. 2000).

The Supreme Court has "outlined the steps to be followed in making determinations under Rule 54(b)." *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436-37 (1956)).  First, the Court must "determine that it is dealing with a 'final judgment.'  It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that  it is 'an ultimate disposition of an individual claim.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436); *accord Outdoor Cent., Inc. v. GreatLodge.com,*

---

[1] At this time, only one party has asserted its rights to any portion of the funds.  The Robertses have filed a Motion for Partial Summary Judgment (Filing No. 43) arguing that they are entitled to a certain amount of the disputed funds.  The Robertses' argument is based on the Court's determination that the trustee sale of the property at auction for $166,500.00 was valid.  (Filing No. 46, at 3 ¶¶ 12-15.)

Inc., 643 F.3d 1115, 1118 (8th Cir. 2011).  "[A]t least one claim or the rights and liabilities of at least one party must be finally decided."  10 Charles Alan Wright, Federal Practice and Procedure § 2656 (3d ed. 2011).  "[F]inality under [Rule 54(b)] is the same as that utilized in single claim cases and is found in Section 1291 of Title 28."  *Id.*  "The finality requirement of 28 U.S.C. [§] 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."  *U.S. v. Nixon*, 418 U.S. 683, 690 (1974).  Under § 1291, a "final decision" is one "that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  *Langford v. Norris*, 614 F.3d 445, 454-55 (8th Cir. 2010) (quoting *Davis v. Streekstra*, 227 F.3d 759, 762 (7th Cir. 2000)) (internal quotations omitted).  Decisions in which "assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. [§] 1291."  *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (citations omitted).

Second, after having made a finding of "finality," "the [Court] must go on to determine whether there is any just reason for delay."  *Curtiss-Wright*, 446 U.S. at 8; *accord Outdoor Cent.*, 643 F.3d at 1118.  "'In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals.'"  *Shurgard Storage Ctrs. v. Lipton-U City, LLC*, 394 F.3d 1041, 1046 (8th Cir. 2005) (quoting *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).  There must be "'some danger of hardship or injustice which an immediate appeal would

alleviate.'" *Clark v. Baka*, 593 F.3d 712, 715 (8th 2010) (quoting *Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402 (8th Cir. 2009)).

In support of its Rule 54(b) Motion, CNH contends that by denying its Partial Summary Judgment Motion and granting the Robertses' cross Partial Summary Judgment Motion, the Court determined the sale price at the trustee sale. CNH asserts that delaying the finality of the cross Motions for Partial Summary Judgment would serve no useful purpose. CNH also asserts that it "ought to have the right to appeal, and [that the Robertses] ought to have finality should there be no successful appeal." (Filing No. 41.)

Although CNH's Rule 54(b) Motion is unopposed, "Rule 54(b) certifications 'should not be entered routinely or as a courtesy or accommodation to counsel.'" *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006)); *see also Outdoor Ctr.*, 643 F.3d at 1118 (quoting *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009)) ("Though the parties agree that the case is properly before this court, they may not create jurisdiction 'by waiver or consent.'") The Court may have determined the sale price at the trustee sale, however, CNH has not presented more than one claim for relief in this action, and its rights and liabilities with respect to the disputed funds have not been decided. The proper distribution of the funds deposited with the Clerk of Court remains to be resolved. As a result, there has not been an ultimate disposition of CNH's claim. Nor has CNH asserted that it will suffer any hardship or injustice that an immediate appeal would alleviate, and the Court is unable to discern how or why CNH will face injustice or hardship unless it can file an immediate appeal of the Court's Order on the

cross Motions for Partial Summary Judgment. As a result, the Court finds that CNH's Motion to Amend Order on Motion for Partial Summary Judgment, brought under Rule 54(b), should be denied. *See* Wright, *supra*, § 2656 ("'A final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' Therefore, a partial summary judgment that decides some of the issues . . . is interlocutory and not within the scope of [Rule 54(b)]"); *see also Id.* § 1720 ("Rule 54(b) does not give the district court the power to make clearly unappealable elements of the case appealable").

Accordingly,

IT IS ORDERED that Defendant Central Nebraska Housing Corp.'s Motion to Amend Order on Motion for Partial Summary Judgment (Filing No. 40), is denied.

DATED this 20th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge