IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD P. GARDEN, JR., Trustee,** ) | **CASE NO. 8:11CV292** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **CENTRAL NEBRASKA HOUSING** ) | |
| **CORP., PINNACLE BANK OF** ) | |
| **NEWCASTLE WYOMING, SECURITY** ) | |
| **FIRST BANK, RICK ROBERTS,** ) | |
| **LORETTA SUE ROBERTS, JOHN** ) | |
| **ZAPATA, COLJO INVESTMENTS,** ) | |
| **LLC, PINNACLE BANK, and** ) | |
| **UNVERZAGT FEED LOT,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Motion to Stay or Motion for Supersedeas and Motion to Extend Time for Filing Notice of Appeal (Filing No. 93) filed by Defendant Central Nebraska Housing Corp. ("CNH").

CNH represents that it intends to prosecute an appeal of a judgment entered on March 26, 2012. CNH requests that, pursuant to Federal Rule of Appellate Procedure 8, the Court stay the judgment pending its anticipated appeal, or in the alternative, set the amount needed for a supersedeas bond CNH could post to operate as a stay pending its anticipated appeal. CNH expresses its concern that, if Defendants Rick and Loretta Sue Roberts receive a distribution from the $165,000.00 deposited with the Clerk of Court and CNH is successful on its anticipated appeal, it will be unable to recoup the proceeds paid to the Robertses. CNH also states that it is concerned filing a notice of appeal would divest the Court of its jurisdiction, thereby rendering it unable to rule on the Robertses' pending

Amended Motion for Sanctions (Filing No. 85).[1] CNH requests that, pursuant to Federal Rule of Appellate Procedure 4(a), all parties be granted a forty-five day extension to file notices of appeal so that the Court may resolve the pending motion for sanctions and allow the parties to avoid successive or multiple appeals.

"In an action tried on the facts without a jury," a court must issue findings of fact and conclusions of law, and must issue a judgment, Fed. R. Civ. P. 52(a)(1), "set out in a separate document." Fed. R. Civ. P. 58(a).[2] "[T]he time for appeal runs from the entry of the judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2781 (3d ed. 2012); *see also* Fed. R. App. P. 4(a).[3]

On March 26, 2012, this Court issued Findings of Fact and Conclusions of Law, (Filing No. 82), indicating the parties' relative priorities to the $165,000.00 that had been deposited with the Clerk of Court under applicable bankruptcy and Nebraska law. The

---

[1] *See Chambers v. Pennycook*, 641 F.3d 898, 903-04 (8th Cir. 2011) (alteration in original) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)) ("Generally, '[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*'").

[2]
Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

(1) for judgment under Rule 50(b);

(2) to amend or make additional findings under Rule 52(b);

(3) for attorney's fees under Rule 54;

(4) for a new trial, or to alter or amend the judgment, under Rule 59; or

(5) for relief under Rule 60.

Fed. R. Civ. P. 58(a).

[3] "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

Court did not enter a separate judgment. Instead, it indicated it would enter a judgment after ruling on the Robertses' motion for sanctions.[4] The Court also did not direct any of the $165,000.00 to be paid out to the parties at that time. Since then, the Court has directed funds to be distributed to Defendant Pinnacle Bank and Plaintiff Richard P. Garden. (Filing No. 84.) However, the Court still has not directed any funds to be distributed to the Robertses or to CNH.

Because a separate judgment has not been entered on the Findings of Fact and Conclusions of law, at this time there is no judgment to stay. As a result, there also is currently no need to grant an extension of time for filing notices of appeal; the time for appealing the Findings of Fact and Conclusions of Law has not yet begun to run.

Accordingly,

IT IS ORDERED that the Motion to Stay or Motion for Supersedeas Bond and Motion to Extend Time for Filing Notice of Appeal (Filing No. 93) filed by Defendant Central Nebraska Housing Corp. is denied, without prejudice.

DATED this 26th day of April, 2012.

BY THE COURT:

S/Laurie Smith Camp
Chief United States District Judge

---

[4] The Robertses had requested that any amount of sanctions awarded to them offset the amount of the $165,000.00 that would otherwise be distributed to CNH. (Filing No. 75, ¶ 5.)